


# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re:

**Khaled M. Ahmed,**

Debtor.

Case No.: LA04-29146SB

Chapter 13

**OPINION ON IRS MOTION TO RECONSIDER ISSUANCE OF DISCHARGE**

Date: February 17, 2009
Time: 2:00 p.m.
Ctrm: 1575

### I. Introduction

This case raises the issue of whether the court should reconsider and set aside an order granting debtor's discharge in this chapter 13[1] case entered after the debtor had completed payments under the plan, but while the order confirming the plan was on appeal. The court denies the motion because the IRS failed to obtain (or even request) a stay pending appeal of the confirmation order.

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C.A. §§ 101-1532 (West 2009) and to the Federal Rules of Bankruptcy Procedure Rules 1001-9036.

The court denies the motion for the reasons stated herein.

### II. Relevant Facts

Debtor Khaled M. Ahmed filed this bankruptcy case under chapter 13. The IRS opposed confirmation of the debtors plan on the grounds that Ahmed was ineligible to be a debtor under chapter 13, principally because of an alleged debt to the IRS totaling more than $10 million. This court overruled the IRS objection and confirmed Ahmed's chapter 13. Ahmed thereafter completed his payments under the plan and received a discharge.

On appeal, the district court sustained the IRS appealed the confirmation order to the position which issued an order of reversal on the grounds that Ahmed was not eligible for

1

chapter 13 relief. Ahmed in turn appealed the district court order to the Ninth Circuit, where it remains pending.

After the district court reversed this court's chapter 13 plan confirmation order, Ahmed and the IRS stipulated to a stay of the district court's reversal order pending the appeal to the Ninth Circuit. This stipulation did not purport to affect the underlying order confirming Ahmed's chapter 13 plan. Furthermore, the IRS has never sought a stay pending appeal of this court's chapter 13 plan confirmation order, either in this court or in the district court, and there is no relevant stipulation on this issue.

Because there was never a stay on the plan confirmation order, Ahmed made the payments required thereunder, which included payment of more than $400,000 to the IRS. The IRS accepted all of these plan payments without objection or reservation. Furthermore, in an open court hearing on this motion, the IRS specifically refused to return the plan payments (or any portion thereof) to Ahmed.

After the completion of the plan payments, the chapter 13 trustee filed a final report and account and requested that Ahmed receive a discharge of indebtedness. The final report was served only on Ahmed and his attorney Kathleen March. After no timely objection to discharge was received, the court issued a discharge order.

After the issuance of the discharge order, and while this motion for reconsideration was pending, the IRS filed an objection to the chapter 13 trustee's final report and to the granting of the discharge. In response, the chapter 13 trustee filed a "withdrawal" of her final report. However, because no adversary proceeding was initiated by either the trustee or the IRS to revoke the discharge, it remains in place.

The IRS brought a timely motion to reconsider the discharge order on the grounds that it did not receive adequate notice and thus had no opportunity to object to the final report, and because the discharge order was "entered by mistake."

Parties have provided the court with three rounds of briefing and the court has conducted three rounds of oral argument (two of which were quite lengthy) on this motion. This matter has been fully examined and argued.

### III. Discussion

The motion for reconsideration of the entry of Ahmed's discharge is properly before the court. The IRS timely filed its motion under Rule 59(e) of the Federal Rules of Civil Procedure, adopted by reference in Rule 9023, which permits a party to seek to alter or amend a judgment within ten days of the entry thereof. In addition, a full consideration of the IRS' arguments in this motion avoids any issue of insufficient notice to the IRS before the discharge was entered.[2]

The court denies the motion to reconsider on the grounds that, in the absence of a stay pending appeal of the confirmation order, this court had jurisdiction to proceed with the chapter 13 plan. In consequence, Ahmed is entitled to the discharge that follows from his full performance of his obligations under the plan.

### A. Jurisdiction and Authority to Enter the Discharge Order

The IRS argues that the court lacked jurisdiction to enter the discharge order and that the discharge was entered in error because the confirmation order was on appeal. The court rejects the IRS's argument for the following reasons: (1) the IRS never obtained stay pending appeal of the confirmation order, and thus, the court retained jurisdiction over Ahmed's case despite the district court's reversal order, (2) the court had both the jurisdiction and the duty to grant the discharge under § 1328(a).

---

[2] Section 1328(e) provides that a discharge may be revoked only if it was obtained by fraud. However, this section is inapplicable to the motion before the court, which timely challenges the issuance of the discharge in the first instance. The court assumes that this motion is brought under Rule 9023, incorporating by reference F.R. Civ. P. 59, which authorizes the reconsideration of a judgment by motion filed within ten days of the entry thereof.

2

### 1. IRS Failure to Obtain Stay Pending Appeal

A stay pending appeal is provided by Rule 8005, which states in relevant part:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge . . . or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

At any time after filing the notice of appeal (before or after the decision of the district court), the IRS could have filed a motion for a stay pending appeal. An appeal may take an extended period of time, and an appellate court decision may come too late for the party seeking review. To alleviate this problem, "as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal." *Nken v. Holder*, 129 S.Ct. 1749, 1754 (U.S. 2009). "A stay does not make time stand still, but does hold a ruling in abeyance to allow an appellate court the time necessary to review it." *Id.* However, where the appealing party does not even seek a stay, it cannot claim benefits as if it had obtained a stay.

No bond for a stay pending appeal would have been required. While a supersedeas bond is usually required to obtain a stay (and often impractically expensive in a bankruptcy case), the U.S. government (including the IRS in this case) is excused from posting such a bond.[3]

The IRS, however, has made no attempt to obtain a stay of this court's confirmation order, either in this court or in the district court.

### a. Consequences of a Bankruptcy Appeal

It is important to understand the scope and effect of an appeal from a bankruptcy court order or judgment. This results from the nature of a bankruptcy case and its difference from ordinary civil litigation.

A bankruptcy case is far different from an ordinary civil case. In an ordinary civil case in a state court or a federal district court, the complaint specifies a discrete subject of litigation. The parties then conduct discovery, after which the court conducts a trial and issues a judgment. Alternatively, the case may be settled at any point (as occurs in some 98% of all civil cases), or the court may render a dispositive judgment (such as by summary judgment or on a motion to dismiss). Except where a case is settled, the losing party may take an appeal of the final judgment. When the appeal is taken, there is typically nothing more for the lower court to do. It is the general policy of the federal courts that appeals may be taken only from final judgments.[4] *See, e.g.*, 15A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE 2D § 3907 (Supp. 2009) ("For two centuries, the final judgment rule has been the heart of appellate jurisdiction in the federal system.").

Bankruptcy cases are different. The filing of a bankruptcy case brings to the bankruptcy court all of the legal problems of the debtor. Virtually all pending litigation in other courts is stayed, except where the debtor is a plaintiff. *See* § 362. A plaintiff in such litigation may file a claim in the bankruptcy case (if there are assets to distribute), as to which any party in interest may bring an objection. Alternatively, any party can bring non-bankruptcy litigation

---

[3] Rule 8005 further provides in relevant part:

> [W]hen an appeal is taken by the United States or an officer or agency thereof . . . a bond or other security shall not be required.

[4] Certain interlocutory appeals, none of which are relevant herein, are authorized in federal civil litigation. *See* 28 U.S.C. § 1992 (2006).

3

involving the debtor to the bankruptcy court by removal from the state court or by reference from the federal district court. Any dispute that was not the subject of pending litigation in a state or federal court at the time of bankruptcy filing must be brought in the bankruptcy court. A claim by the debtor is initiated by filing an adversary proceeding against potentially responsible parties. Other kinds of proceedings in a bankruptcy case include contested matters such as relief from stay, approval to use cash collateral, sale of assets, or assumption of unexpired leases.

Because of the number of issues and proceedings that may be involved in a bankruptcy case, an appeal of a bankruptcy court order leaves some (perhaps most) of the case behind in the bankruptcy court. Such an appeal "will typically divest a [lower] court of jurisdiction over those aspects of the cases involved in the appeal." *Sherman v. SEC (In re Sherman)*, 491 F.3d 948, 967 (9th Cir. 2007) (internal quotations omitted) (citing *Neary v. Padilla (In re Padilla)*, 222 F.3d 1184, 1190 (9th Cir. 2000) and 10 COLLIER ON BANKRUPTCY ¶ 8001.0 (15th ed. 2006)). However, the bankruptcy court has full jurisdiction to proceed on all other aspects of the bankruptcy case.

### b. Relevant Ninth Circuit Law

The Ninth Circuit case law specifies the limited consequences of a bankruptcy appeal and the scope of the jurisdiction that remains in the lower court while an appeal is pending. First, the lower court may not vacate the order or judgment that is under appeal. *See In re Combined Metals Reduction Co.*, 557 F.2d 179, 201-03 (9th Cir. 1979). Second, the lower court "may not alter or expand upon the [order or] judgment [that is on appeal]." *Sherman*, 491 F.3d at 967 (citing *Padilla*, 222 F.3d at 1190). However, a lower court may file written findings of fact and conclusions of law to aid the appellate court in its review of the decision that is on appeal. *See, e.g., Dressler v. Seeley Co. (In re Silberkraus)*, 336 F.3d 864, 869 (2003).]

The most important aspect of a bankruptcy appeal is what issues the appeal leaves behind for the lower court to resolve. The lower court retains full jurisdiction over any matter unrelated to the appeal. Rule 8005 provides: "the bankruptcy judge may . . . order the continuation of other proceedings in the case . . .or make any other appropriate order during the pendency of an appeal . . . ."

In a bankruptcy case, the bankruptcy court's remaining jurisdiction is typically quite extensive, even where a reversal of the bankruptcy court decision would eliminate all bankruptcy court jurisdiction. *See, e.g., Sherman*, 491 F.3d 948 (where the order appealed was the denial of a motion to dismiss a chapter 7 case altogether).

In addition to its remaining jurisdiction on matters unrelated to the appeal, a bankruptcy court retains substantial jurisdiction as to the order that is the subject of the interlocutory appeal. The appeal only deprives the bankruptcy court of the power to alter, expand or vacate the order at issue. *Padilla*, 222 F.3d at 1190. As the Ninth Circuit stated in *Sherman*, "[t]he [lower] court retains jurisdiction over all other matters that it must undertake to implement or enforce the judgment or order [that is on appeal]." 491 F.3d at 967.

Whether subsequent proceedings in a lower court render an appeal moot is a matter to be determined in the court where the appeal is pending. Mootness is a complex issue, especially in a bankruptcy case. In this case, this court expresses no opinion on whether the IRS's pending appeal of the order confirming Ahmed's chapter 13 plan is moot.

### 3. Application in This Case

The outcome of this motion is dictated by the Ninth Circuit's *Sherman* and *Padilla* opinions. *Sherman* is directly on point. In that case the Ninth Circuit upheld the bankruptcy court's entry of a discharge order in a chapter 7 case, notwithstanding the SEC's pending appeal of an order denying dismissal of the case. The court held that the bankruptcy court retained jurisdiction to enter the discharge because the SEC did not obtain a stay pending appeal, and absent such stay, "[t]he bankruptcy court retain[ed] jurisdiction over all other matters that it must undertake to implement or enforce the judgment or order . . . ." *Sherman*, 491 F.3d at 967.

Like the SEC in the *Sherman* case, the IRS never obtained a stay pending appeal in this case.[5] Accordingly, like the bankruptcy court in *Sherman*, this court retains jurisdiction to implement and enforce the plan confirmation order and to grant Ahmed a discharge upon completion of his plan payments.

The IRS' reliance on the Ninth Circuit's earlier *Padilla* is misplaced. *Padilla* is a very narrow case. The bankruptcy judge in that case had dismissed the case altogether. That dismissal order, and not the appeal thereof, deprived the bankruptcy court of any further jurisdiction in the case. After the bankruptcy appellate panel reversed the dismissal, it issued a mandate that restored jurisdiction to the bankruptcy court. A month after the issuance of the mandate, the trustee filed a notice of further appeal with the Ninth Circuit, which divested the bankruptcy court of the jurisdiction resulting from the previously issued mandate. Thus, the Ninth Circuit held, "with the timely filing of *this appeal* [i.e., the appeal of the BAP decision to the Ninth Circuit] by the Trustee, the bankruptcy court was divested of jurisdiction to proceed with Padilla's bankruptcy." *Padilla*, 222 F.3d at 1189.

In addition, the narrow interpretation that the Ninth Circuit gave to *Padilla* in the *Sherman* case dictates that *Padilla* does not apply to this case. In *Sherman*, the Ninth Circuit distinguished *Padilla* on the grounds that, in *Padilla*, (a) the bankruptcy court had granted the dismissal motion, (b) the bankruptcy appellate panel had reversed the dismissal, and (c) thereafter the bankruptcy court had granted the discharge. See *Sherman*, 491 F.3d at 967 n.24. In *Sherman*, in contrast, the bankruptcy court had denied the motion to dismiss and the district court had reversed. *Id.* Thus, in the Ninth Circuit's view, the appeal of the order in *Sherman* was interlocutory, and left the bankruptcy court with jurisdiction to issue a discharge, while the bankruptcy court order in *Padilla* granting dismissal was a final order that divested the bankruptcy court of jurisdiction to issue a discharge. *Id.*

The present case is like the *Sherman* case and unlike the *Padilla* case. Unlike *Padilla*, this case does not involve a final bankruptcy court order dismissing the case, and thereby terminating this court's jurisdiction until an appellate court's reversal of the dismissal order and issuance of a mandate on that decision. As in the *Sherman* case, this court rejected the position of the IRS (objecting to plan confirmation on the grounds that Ahmed was ineligible for a chapter 13 case), which may have put an end to the case, and issued an order (confirmation of the plan) that continued the case on course.

Thus, as in *Sherman*, the IRS appeal (which is now pending at the Ninth Circuit) is interlocutory, and this court retains jurisdiction to issue orders to implement the plan. In addition, this court retains jurisdiction over the case in all other relevant respects, except to alter, expand or vacate the confirmation order (because of its pending appeal).

Implementing the confirmation order includes the enforcement of the debtor's completion of the plan payments, and the issuance of a discharge upon the completion of the payments. Thus, pursuant to *Sherman* and *Padilla*, this court has jurisdiction to issue the discharge in this case.

### 3. Chapter 13 Trustee's Withdrawal of Final Report

The IRS puts heavy weight on the chapter 13 trustee's withdrawal of her final report, which she filed after the entry of the

---

[5] The role of the stay is further underscored by 28 U.S.C. § 158(d)(2)(D). Under that statutory provision,

> [a]n appeal under this paragraph [to the court of appeals] does not stay any proceedings of the bankruptcy court, the district court, or the bankruptcy appellate panel from which the appeal is taken, unless the respective bankruptcy court, district court, or bankruptcy appellate panel, or the court of appeals in which the appeal is pending, issues a stay of such proceeding pending the appeal.

See *Sherman*, 941 F.3d at 967 n.23. Section 158(d)(2)(D), however, was not enacted until 2005 and, therefore, has no application in this case.

5

discharge. The withdrawal of the report, the IRS contends, revokes the certification that Ahmed has met the requirements necessary to receive his discharge. On these grounds, the IRS argues, Ahmed's discharge must be revoked.

Revoking a chapter 13 discharge is not so easy. Section 1328(e) provides in relevant part:

> On request of a party in interest . . . and after notice and a hearing, the court may revoke such discharge only if—
> (1) such discharge was obtained by the debtor through fraud; and
> (2) the requesting party did not know of such fraud until after such discharge was granted.

In addition, Rule 7001(4) requires an adversary proceeding to revoke a discharge.

Neither the IRS nor any other party in interest has filed an adversary proceeding to revoke Ahmed's discharge in this case. The IRS has not taken the position that it was unaware of any relevant conduct by Ahmed, whether fraudulent or not, prior to the granting of the discharge. Neither the IRS nor any other party in interest has offered any evidence that Ahmed obtained his discharge through fraud.

Withdrawal of the trustee's final report alone does not suffice to revoke Ahmed's discharge. Thus the discharge remains in place.

### B. The Court's Duty to Enter a Discharge

Ahmed argues that the court had both the power and the duty under § 1328(a) to enter Ahmed's discharge. Ahmed's position is well taken. Section 1328(a) provides in relevant part:

> [A]s soon as practicable after completion by the debtor of all payments under the plan . . . the court **shall** grant the debtor a discharge of all debts provided for by the plan . . . .
> (emphasis added).

Pursuant to this statutory provision, the court is required to grant a chapter 13 discharge to a debtor as soon as practicable after all requirements of §1328 are met. *See, e.g., In re Goodwin*, 58 B.R. 75, 78 (Bankr. D. Me. 1986).

### C. Estoppel

Finally, as an independent ground for denial of the IRS motion to reconsider, the Ahmed argues that the IRS is estopped from denying the propriety of the entry of the order of discharge under the principle of quasi estoppel. In opposition, the IRS argues that estoppel does not apply to the government. Given the court's resolution above, it does not reach this issue.

### IV. Conclusion

The court concludes that it has continuing jurisdiction, notwithstanding the pending IRS appeal of the decision confirming the debtor's chapter 13 plan (which reversed the confirmation order but which is stayed pending further appeal), to grant a discharge to the debtor following the completion of his plan payments. The court finds, in consequence, that Ahmed's discharge was properly granted in this case.

The chapter 13 trustee's subsequent withdrawal of her final report does not affect this conclusion. A chapter 13 discharge can only be set aside pursuant to an adversary proceeding, and only on the grounds of fraud of the debtor that was unknown to the requesting party until after the discharge is granted. No adversary proceeding has been filed to set aside Ahmed's discharge, and it appears that the IRS would be unable to show that it was unaware of Ahmed's conduct, whether fraudulent or not.

Accordingly, the IRS's motion to reconsider the issuance of the chapter 13 discharge is denied.

Dated: August 28, 2009

/s/ Hon. Samuel L. Bufford
United States Bankruptcy Judge

6

**NOTE TO USERS OF THIS FORM:**

1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **OPINION ON IRS MOTION TO RECONSIDER ISSUANCE OF DISCHARGE** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** B Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of August 28, 2009, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Kathleen P. March, Esq.          kmarch@bkylawfirm.com
Elaine T. Fuller, Esq.           elaine.t.fuller@irscounsel.treas.gov
Nancy K. Curry, Trustee          ecfnc@trustee13.com
United States Trustee            ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Khaled M. Ahmed
Post Office Box 667
Huntington Park, California 90255

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

**ADDITIONAL SERVICE INFORMATION** (if needed):

7